The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRYAN WATSON, *et al.*,

    Plaintiffs,

v.

ALGAS-SDI INTERNATIONAL, LLC, *et al.*

    Defendants.

Case No. 2:24-CV-2004-BJR

**ORDER GRANTING MOTION FOR REMAND**

## I.    INTRODUCTION

Valerie and Bryan Watson and Geraldine and Danny Shearman (collectively "Plaintiffs") bring this action against Algas-SDI International, LLC ("Algas") and Cintas Corporation, Inc. ("Cintas") (collectively, "Defendants") for allegedly violating the Washington Product Liability Act ("WPLA"). Currently before the Court is Plaintiffs' motion for remand to state court, which Cintas opposes. Dkt. Nos. 13 and 17. Having reviewed the motion, opposition, and reply thereto, the record of the case, as well as the relevant legal authority, the Court will grant the motion. The reasoning for the Court's decision follows.

ORDER GRANTING MOTION FOR REMAND

- 1

## II. BACKGROUND

On November 11, 2021, Bryan Watson ("Watson") and Danny Shearman ("Shearman"), both employees of Frontier Cooperative Corporation, were servicing a direct fired liquefied petroleum gas vaporizer in Osceola, Nebraska that was manufactured by Algas, a Delaware limited liability company with its principal place of business in Washington. While attempting to replace the vaporizer's thermostat, Watson and Shearman were sprayed with flammable gas that ignited. At the time, the men were wearing flame-resistant clothing that Plaintiffs allege was developed, marketed, sold, and distributed by Cintas, a Washington State corporation. Dkt. No. 1, Ex. 2 at ¶¶ 2.4, 4.4, and 4.12. Plaintiffs claim that the flame-resistant clothing was defective and failed to protect the men "from near-fatal burns and physical injuries" to their faces, hands, legs, back, and arms, resulting in "cognitive and psychological injuries, including, but not limited to, pain, suffering, mental anguish, and emotional distress. *Id*. at ¶¶ 4.17-4.18. Plaintiffs filed the instant product liability lawsuit against Cintas and Algas in Washington state court. Relevant here, Plaintiffs allege that Cintas is liable as the manufacturer of the flame-resistant clothing because it was "defective and not reasonably safe in [its] design and/or manufacture." *Id*. at ¶ 6.3.

Cintas, with Algas' consent, timely removed the matter to this Court based on diversity jurisdiction. Cintas concedes that it is a citizen of Washington State, which ordinarily would make removal improper under "the forum-defendant rule" as set forth in 28 U.S.C. § 1441(b)(1). However, Cintas asserts that it is not the manufacturer of the flame-resistant clothing. To the contrary, Cintas argues, it is just a holding company, and the flame-resistant clothing is produced and distributed by another company, Cintas Corporation No. 2, that Cintas holds as an investment. According to Cintas, "[a]ny activities relating to the manufacturing, development, marketing, selling, distribution, or vending of the [flame-resistant clothing] would have been through, and on

ORDER GRANTING MOTION FOR REMAND
- 2

behalf of, [Cintas Corporation No. 2]. [Cintas] is simply the holding company of [Cintas Corporation No. 2] and does not actually provide any goods or services itself." Dkt. No. 17 at 3. According to Cintas, because it did not manufacture the flame-resistant clothing, Plaintiffs' product liability claim against it fails as a matter of law. Therefore, Cintas argues, it has been fraudulently joined in this action and, as such, this Court must disregard its citizenship for purposes of diversity jurisdiction.

Plaintiffs counter that at a minimum, Cintas is liable for Watson's and Shearman's injuries under Washington's doctrine of apparent agency and, as such, filed the instant motion for remand.

### III. LEGAL STANDARD

#### A. Removal Jurisdiction

##### 1. Diversity Jurisdiction under 28 U.S.C. § 1441(a)

A defendant may remove a civil action filed in state court to federal court if it is based on diversity jurisdiction or presents a federal question. 28 U.S.C. § 1441(a); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). Here, Cintas contends that diversity jurisdiction exists. Diversity jurisdiction requires that the parties to a lawsuit have complete diversity—meaning that all entities on one side of the controversy (*i.e.*, all plaintiffs) are citizens of different states from all entities on the other side (*i.e.*, all defendants)—and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The party seeking to invoke the federal court's removal jurisdiction based on diversity jurisdiction bears the burden of establishing that it exists and that the action is removable. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (per curiam). There is a "strong presumption against removal jurisdiction" and the courts resolve all ambiguity in favor of remand to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (internal quotation marks omitted).

### 2.     The Forum-Defendant Rule and Fraudulent Joinder

Congress has imposed a procedural limitation on diversity-based removal jurisdiction, known as "the forum-defendant rule". This rule provides that "[a] civil action otherwise removeable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see also Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) ("Sec. 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state."). However, there is an exception to the forum-defendant rule: where a forum-defendant has been fraudulently joined for the purpose of defeating diversity jurisdiction. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). In such a case, the federal court ignores the presence of the fraudulently joined forum-defendant for the purpose of establishing diversity jurisdiction. *Id*. "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Material, Inc., v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (joinder is fraudulent "[i]f the plaintiff fails to state a cause of action against [the forum-] defendant, and the failure is obvious according to the settled rules of the state"); *see also Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 549 (9th Cir. 2018) (the standard for determining fraudulent joinder is similar to the "wholly insubstantial and frivolous" standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction).

### IV.     DISCUSSION

As stated above, Cintas argues that this Court has diversity-based removal jurisdiction over this lawsuit because Cintas was fraudulently joined as a defendant in the matter and, as such, its Washington State citizenship can be ignored by this Court for purposes of determining removal jurisdiction. Cintas claims that it was fraudulently joined because it did not manufacture the

defective flame-resistant clothing, and Plaintiffs cannot establish that the entity who did manufacture the clothing, Cintas Corporation No. 2, was its apparent agent. Cintas raises two defenses to the applicability of the apparent agency doctrine. First, it alleges that Nebraska law, not Washington law, applies to this lawsuit and Nebraska does not recognize the apparent agency doctrine. Second, Cintas argues that even if Washington law applies in this case, Plaintiffs cannot demonstrate the apparent agency existed here. The Court will address each of these arguments in turn.

### A.    Washington Law Applies to this Lawsuit

Cintas claims that Nebraska law applies to this case; Plaintiffs counter that Washington law applies. "In determining what state law to apply, a federal court applies the choice-of-law rules for the state in which it sits." *Kohlrautz v. Oilmen Participation Corp.*, 441 F.3d 827, 833 (9th Cir. 2006). Washington's choice of law analysis is governed by the "most significant relationship" test, as outlined in the Restatement (Second) of Conflict of Laws. *Erickson v. Pharmacia LLC*, 548 P.3d 226, 238 (Ct. App. Wash. 2024). However, before conducting this analysis, this Court must first determine if an actual conflict exists between the laws of Washington and Nebraska. *Id*. Without an actual conflict, Washington law applies. *Rice v. Dow Chem. Co.*, 875 P.2d 1213, 1216 (Wash. 1994).

Cintas claims that Nebraska courts have not applied the doctrine of apparent agency to hold a parent corporation liable for the acts of its subsidiaries. However, the case Cintas cites to for this proposition, *Global Credit Services, Inc. v. AMISUB*, 508 N.W.2d 836 (Neb. 1993), does not foreclose the application of apparent agency in such circumstances. On the other hand, as recently as 2016, the Nebraska Supreme Court confirmed that the doctrine exists under Nebraska law. *See RC Campbell Industrial, Inc. v. Midwest Renewable Energy, LLC*, 886 N.W.2d 240, 252 (Neb.

ORDER GRANTING MOTION FOR REMAND

- 5

2016) ("Apparent authority is authority that is conferred when the principal affirmatively, intentionally, or by lack of ordinary care causes third persons to act upon an agent's apparent authority. Apparent authority given an agent the power to affect the principal's legal relationships with third parties."). And, since *RM Campbell* was decided, federal courts applying Nebraska law have relied on the case to apply the doctrine to situations where the agent and principal are both corporate entities. *See AuSable Capital Partners, LLC v. Sati Exports India Private Limited*, 2024 WL 4685322, at *7 (D. Neb. Aug. 6, 2024); *Sheng Int'l Co. LTD. v. Prince Americas, LLC*, 2022 WL 1734492, at *4 (D. Neb. Apr. 26, 2022). Because both Washington and Nebraska recognize that a parent corporation may be liable for the actions of a subsidiary based on apparent agency, there is no conflict between the laws of the two states; as such, Washington law applies to this lawsuit.

### B. Plaintiffs Sufficiently Allege Liability against Cintas under Washington's Apparent Agency Doctrine

Washington courts have approved the Restatement's view of the doctrine of apparent agency. *See Rosalez v. Baker*, 2010 WL 4068926, at *6 (W.D. Wash. Oct. 15, 2010) (citing Restatement (Second) of Agency § 267). Under the Restatement, "[o]ne who represents that another is his servant or other agent and thereby causes a third person justifiably to rely upon the care or skill of such apparent agent is subject to liability to the third person for harm caused by the lack of care or skill of the one appearing to be a servant or other agent as if he were such." Restatement (Second) of Agency § 267 (1957). The doctrine of apparent agency can attach liability even though no express agency relationship exists. *Johnson v. Marriott International, Inc*. 2017 WL 1957071, *6 (W.D. Wash. May 5, 20217). Thus, to recover under the theory of apparent agency, a plaintiff must demonstrate that he subjectively believed that an entity was an agent of another, and that his

ORDER GRANTING MOTION FOR REMAND

- 6

subjective belief was objectively reasonable. *Id*. citing *Rosalez v. Baker*, 2010 WL 4068926, at *6 (W.D. Wash. Oct. 15, 2010). The plaintiff must also show that his good-faith reasonable belief is attributable to actions taken by the purported principal, or to the purported principal's failure to act when action would have been required to dispel his reasonable misunderstanding. *Id*.; *see also FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc*., 175 Wash. App. 840, 882 (2013), *aff'd*, 180 Wash. 2d. 954 (2014) ("Apparent agency occurs, and vicarious liability for the principal follows, where a principal makes objective manifestations leading a third person to believe the wrongdoer is an agent of the principal.").

Cintas argues that Plaintiffs cannot state a claim for apparent agency under Washington law because (1) Plaintiffs have failed "to present any caselaw applying the apparent agency doctrine to a holding company", (2) Plaintiffs failed to present "any conduct" by Cintas that would "warrant apparent agency liability", and (3) Plaintiffs have not shown "detrimental reliance". Dkt. No. 17 at 10. The Court is not persuaded by Cintas arguments. First, Washington law is clear that how a company chooses to characterize its relationship with its subsidiary—*i.e.* a holding company or otherwise—is not determinative of liability under the doctrine of apparent agency. *See Johnson*, 2017 WL 1957071, at *6 (W.D. Wash. May 5, 2017) (the denial of an agency relationship is not determinative of liability). Rather, to recover under the theory of apparent agency, Plaintiffs must simply demonstrate that they subjectively believed that Cintas Corporation No. 2 was an agent of Cintas and that Plaintiffs' subjective belief was objectively reasonable. *Id*. Here Plaintiffs allege that both Watson and Shearman had used Cintas flame-resistant clothing for years, believing that the Cintas garments would "protect [them] as they were supposed to." Dkt. No. 16 at ¶ 14. Plaintiffs further claim that Watson and Shearman "believed that [the] 'Cintas' gear that [they] wore … was manufactured by a single company [] called 'Cintas' …and [they] were never given any reason to

ORDER GRANTING MOTION FOR REMAND

- 7

believe otherwise." *Id.* at ¶ 3. Instead, Plaintiffs allege, Cintas represented itself as one corporation in all marketing materials and on its website. Watson and Shearman also interacted directly with Cintas personnel through telephone calls and in person when Cintas' inclusive laundry service picked up and dropped off their garments in a Cintas company van, all of which presented as one entity: Cintas. The men also received paperwork accompanying their fire-resistant clothing that bore the Cintas logo and contacted Cintas to report or discuss issues with the clothing.

Based on the foregoing, the Court concludes that Plaintiffs have more than sufficiently alleged that they subjectively believed that they were dealing with one corporation: Cintas, and that their subjective belief was objectively reasonable. Moreover, Plaintiffs sufficiently alleged facts to establish that their belief was based on conduct by Cintas and that they relied on that conduct to their detriment. Therefore, this Court concludes that a Washington state court would find that Plaintiffs' complaint states a cause of action based on apparent agency against Cintas. *See Grancare*, 889 F.3d at 543 *quoting Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) ("[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.") (emphasis in *Grancare*). Accordingly, the Court concludes that Cintas was not fraudulently joined as a defendant in this matter, grants Plaintiffs' motion, and remands this matter back to state court.[1]

---

[1] Cintas also asserts that Plaintiffs have not actually alleged an apparent agency claim in their complaint. Plaintiffs counter that they have adequately pled a cause of action against Cintas for products liability and apparent agency is merely a theory of securing liability against Cintas, rather than a distinct claim. Regardless, Plaintiffs submit a proposed amended complaint that remedies any alleged pleading deficiency, which they plan to file upon remand, which they will be allowed to do "as a matter of course" pursuant to Washington's Superior Court Civil Rule 15(a).

ORDER GRANTING MOTION FOR REMAND

- 8

## IV. CONCLUSION

For the foregoing reasons,

1. Plaintiffs' Motion for Remand, Dkt. No. 13, is GRANTED; and

2. This case is remanded to the King County Superior Court.

DATED this 7th day of April 2025.

*[signature]*

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING MOTION FOR REMAND

- 9